UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

JOSEPHINE AMATUCCI

    v.                                                                                  Civ. No. 25-cv-10-JL-TSM

RICHARD M. YOUNG, JR.
CARROLL COUNTY SHERIFF'S DEP'T

### REPORT AND RECOMMENDATION

Self-represented plaintiff Josephine Amatucci, proceeding in forma pauperis, has filed a complaint (Doc. No. 1) against Carroll County (New Hampshire) Deputy Sheriff Richard M. Young and the Carroll County Sheriff's Department. The complaint is before the court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

### STANDARD OF REVIEW

The magistrate judge conducts a preliminary review of pleadings, like Mrs. Amatucci's, that are filed in forma pauperis. See LR 4.3(d). The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in

plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). An unrepresented plaintiff's complaint must be read liberally in this regard, see Donovan v. Maine, 276 F.3d 87, 94 (1st Cir. 2002), but must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest. Byrne v. Maryland, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), aff'd, 2020 WL 2202441 (D. Me. May 6, 2020).

## BACKGROUND

The events described in the complaint occurred in the Carroll County District Attorney's office. Mrs. Amatucci alleges that she went to the District Attorney's office to dispute what she describes as a "malicious prosecution" undertaken by Police Chief Dean Rondeau.[1] Mrs. Amatucci was seated in the waiting room, expecting to provide evidence to the District Attorney's office. She alleges that Deputy Young "suddenly" appeared after being directed by a prosecutor to remove Mrs. Amatucci from the premises. According to Mrs. Amatucci, Deputy Young then approached her and grabbed and twisted her arm, causing her great pain. Deputy Young removed Mrs. Amatucci from the building, after which she sought medical attention from her primary care doctor, who directed her to an emergency room. Mrs. Amatucci was given pain medication, and her arm was placed in a sling.

## CLAIMS

A liberal construction of her complaint shows that Mrs. Amatucci, invoking 42 U.S.C. §

---

[1] The complaint does not indicate the police department of which Rondeau is Chief. In a prior case in this court, she alleged that Rondeau was the Wolfeboro (N.H.) Chief. See Amatucci v. Young, Civ. No. 18-cv-1227-LM (D.N.H. filed Jan. 17, 2019). The date of the incident, September 7, 2018, is also absent from the instant complaint, but is noted in the prior lawsuit.

1983,[2] asserts that Deputy Young subjected her to excessive force, in violation of her Fourth Amendment right not to be subjected to an unreasonable seizure by using excessive force against her in an objectively unreasonable manner. She also asserts a claim that Deputy Young violated her First Amendment right to petition the government for redress of grievances by preventing her from filing a complaint against Chief Rondeau. She further alleges state law claims against Deputy Young for assault, intentional infliction of emotional distress, and false imprisonment.

Mrs. Amatucci also claims that the Carrol County Sheriff's Department is liable for the conduct of Deputy Young underlying the above-described claims, based on a theory of municipal liability, as Deputy Young is a Sheriff's Department policymaker, and his actions which are alleged to have violated Mrs. Amatucci's rights thus constituted official Department policy, practice or custom.

## DISCUSSION

### I. Claim Preclusion/Res Judicata

The doctrine of claim preclusion, sometimes called res judicata, precludes a plaintiff from asserting claims in a lawsuit which were previously asserted in an earlier suit, if "(1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently

---

[2] Although her complaint specifically mentions the Eighth Amendment's bar against cruel and unusual punishment, the Eighth Amendment applies only when a plaintiff is a prisoner. See Kamayou v. Univ. of Massachusetts Lowell, No. 16-CV-10098-IT, 2018 WL 4609130, at *8 (D. Mass. Sept. 7, 2018) (citing Ingraham v. Wright, 430 U.S. 651, 671, n. 40 (1977)), report and recommendation adopted, No. 16-CV-10098-IT, 2018 WL 4600646 (D. Mass. Sept. 25, 2018).

identical or closely related." Metzler Asset Mgmt. GmbH v. Kinsley, 928 F.3d 151, 156 (1st Cir. 2019) (citation omitted). The doctrine of claim preclusion also "bars parties from relitigating claims that could have been made in an earlier suit," even if they were not actually made in the earlier suit. Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010).

### A. Prior Decision

Based on the same facts as presented here, Mrs. Amatucci previously sued, among others, Deputy Young and the Carroll County Sheriff's Office in this court in case No. 18-cv-1227-SM-AJ (the "Prior Case"). The court dismissed the Prior Case with prejudice because Mrs. Amatucci repeatedly failed to comply with her discovery obligations and with court orders requiring compliance with those obligations. In addition, she indicated on several occasions that she did not believe that she had any discovery obligations at all. See April 12, 2024 Show Cause Order (ECF. No. 283); Dismissal Order (ECF. No. 296). It is beyond dispute that the parties and claims in this case are identical to the Prior Case, which was dismissed. The court will therefore focus on whether the earlier dismissal resulted in a "judgment on the merits."

### A. Judgment on the Merits

The First Circuit Court of Appeals has noted that while dismissal "with prejudice . . . is not itself dispositive" of whether a dismissal constitutes a "'final judgment on the merits' for claim preclusion purposes," dismissal "as a sanction explicitly based on [the plaintiff's] repeatedly ignoring court directives" can be considered a "final judgment on the merits for claim preclusion purposes." Foss v. Marvic, Inc., 103 F.4th 887, 892-93 (1st Cir. 2024) (citing Foss v. E. States Exposition, 67 F.4th 462, 468 n.9 (1st Cir. 2023)); see also Stebbins v. State Farm Mut. Auto. Ins. Co., 413 F.2d 1100, 1102 (D.C. Cir. 1969) (dismissal for failure to comply with discovery orders is "judgment on the merits"); Snyder v. Yonkers Public School Dist., 315 F. Supp. 2d 499

(S.D.N.Y. 2004) (same); Syufy Enterprises v. American Multicinema, Inc., 575 F. Supp. 431 (N.D. Cal. 1983) (same).

Dismissal of the Prior Case was explicitly based on Mrs. Amatucci's failure to comply with discovery orders and is therefore "a final judgment on the merits." As the parties and causes of action in the two cases are identical, all elements of res judicata are present and this action should be dismissed.

## CONCLUSION

Based on the foregoing, res judicata bars this action asserting identical claims against the same parties the court dismissed in the Prior Case. The District Judge should therefore dismiss this case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court." Id. (cleaned up). Additionally, any issues "not preserved by such objection are precluded on appeal." Id.

_____
Talesha L. Saint-Marc
U.S. Magistrate Judge

Date: March 12, 2025

cc: Josephine Amatucci, pro se