FILED - USDC -NH
2025 MAR 12 PM2:24
9239

THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Richard Young, individually, The District Attorney's Office

and the Sheriffs Dept, Officially

Case 25-fp-10 JL-TSM

formerly 18-cv-1227-SM

NOTICE CLARIFYING THE PLAINTIFF'S FEDERAL CONSTITUTIONAL CLAIMS

AS ATTRIBUTED TO SUPERVISORY LIABILITY

AND EXCESSIVE FORCE

CLAIMS AS ALLOWED UNDER 42 U.S.C. 1983

1..     It appears, and In a continuing course of conduct, that this Court uses the phrase "WE WILL ASSUME WITHOUT DECIDING", to all claims before them, regarding supervisory liabiity, of government policymaking officials, an Act where the Court continuously refuses to decide such claims, and in doing so, they create no recourse for an appeal, a TACTIC ACT of the Court, to deny claims against government officials.

2.      The decision, however, is a LEGAL question, as to whether the Act of calling the CCSD for assistance by the Carroll County prosecutor, (A POLICYMAKING OFFICIAL), to remove the Plaintiff was an Act that constituted an AFFIRMATIVE LINK, a moving force, that amounted to Condonation/ TACIT AUTHORIZATION, to supervisory liability for defendant Young's Excessive Force Assault on the Plaintiff. Where under the law

1

an enforcement officer is only justified in using non-deadly force ONLY during the course of an arrest or detainment. RSA: 627:5, 1. The Plaintiff was NOT being arrested. The County Sheriff obtained instructions from te County Prosecutor who commanded that the Sheriff remove the Plaintiff from the office of the County Attorney, this decision directly caused a violation of the Plaintiff's Fourth Amendment rights. In ordering the Deputy Sheriff to move the Plaintiff, the County Prosecutor was acing as a final decisionmaker for the county, and the county is therefore held liable under 1983.

3. That the LAW determines whether the Act of the prosecutor in calling the CCSD to remove the Plaintiff, constituted 'supervisory liability"....under 42 U.S.C 1983, an Act that was in violation of the Plaintiff's Fourth Amendment Liberty Rights. A First Amendment Right.

4. It is the ....LAW.... not the decision of the Court, that will decide whether the Plaintiff has stated a viable claim under 1983, as to whether there was an ............. "AFFIRMATIVE LINK".....through the conduct and act of the Carroll County prosecutor, by his contacing the Sheriff's Department to have the Plaintiff removed from the office, an ....... "AFFIRMATIVE LINK", the "MOVING FORCE" ......through conduct that amounted to ......CONDONATION OR TACIT AUTHORIZATION, to an unconstitutional practice, conduct that was "a reckless disregard of, or indifference to, the rights or safety of others." To the Plaintiff's federally protected rights. A Fourth Amendment and Due Process violation.

5. A violation of clearly established statutory or constitutional rights of which a person would know, "Harlow v. Fitzgeral, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982) Whether the Plaintiff's claims of Excessive Force by defendant Young, are attributed to the affirmative link of the Act of the county prosecutor, to have the Plaintiff removed from the waiting room of the County Attorney's Office, when she was not being arrested, or

detained, where she was not running away, and she was not a threat to anyone, whether it was an Act in violation of her Fourth Amendment Liberty Rights, under Due Process, and abuse of an elderly person. A claim that is based on Monell v. Dept. of Social Services 436 U.S. 658 (1978) where the United States Supreme Court held that : "Local government is a"person" subject to suit under Section 1983 of Title 42 of the U.S. Code". And based in the cases of Aponte Matos v. Toldeo Davila 135 F.3d 182, 192 (lst Cir. 1998) regarding .......a prime mover.... behind the underlying violation, Camilo-Robles v. Zapata, 175 F.3d 41, 43-44 (lst Cir. 1999), regarding an affirmative link, through conduct that amounts to Condonation or Tacit Authorization. Graham v. Connor, 490 U.S. 386, 396-97 (1989), Jennings v. Jones (1st Cir. 2007).

In the case of Hudson v. McMillian 503 U.S. (1992) is a United States Court decision "the use of EXCESSIVE PHYSICAL FORCE, constitutes CRUEL AND UNUSUAL PUNISHMENT, even though there is no serious injury . An Eighth Amendment prohibition agains Cruel and Unusual Punishment.

In the case of Pembaur v. City of Cincinnati (1986) is a United States Supreme Court case that clarified a previous case, Monell v. Department of Social Services (1978), and established that municipalities can be held liable even for a single decision that is improperly made.

WHEREFORE: The Plaintiff is demanding her FEDERAL CONSTITUTIONAL RIGHTS to damages by a jury of her peers, as allowed under 1983, for unjustification of an Assault with Bodily Injury, by the defendant, of a deliberate choice to follow a course of action, by the county Prosecutor was the Affirmative Link behind the use of force by the CCSD,  and without further delay, as allowed under the Sixth Amendment for an expeditious ruling to a jury trial, for the elderly. For the unlawful Excessive Force claim against all the defendants,  that is, the County Attorney's Office, the Sheriffs Dept. and defendant Young. Or the Court will be TRESSPASSING THE LAW OF THE LAND, in denying the Plaintiff her Federal claim.

Respectfully,

Josephine Amatucci

c. Carroll County District Attorney's Office, Sheriff's Dept.

March 10, 2025

*Josephine Amatucci*

Josephine Amaducci
PO Box 272
Wolfeboro Falls, NH 03896

USPS GROUND ADVANTAGE®
UNITED STATES POSTAL SERVICE
G
Retail
US POSTAGE PAID
$5.25
Origin: 03896
03/10/25
3299300896-13
0 Lb 1.90 Oz
RDC 01
C011

SHIP TO:
55 PLEASANT ST
CONCORD NH 03301-3954

USPS TRACKING® #
9500 1153 7887 5069 5672 55

United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant Street
Room 110
Concord, New Hampshire 03301